I agree with the principal opinion that the trial court's judgment should be affirmed. I note, however, that appellant's assignment of error lacks merit for another reason. In felony cases, the prosecution does not have the duty to present evidence (make a statement) following a defendant's no contest plea. SeeState v. Simmons (Sept. 12, 1996), Ross App. No. 95CA2107, unreported; State v. Newell (Feb. 28, 1994), Athens App. No. 1572, unreported; State v. Weiher (June 13, 1990), Gallia App. No. 89CA10, unreported; Crim.R. 11(B)(2); Crim.R. 11(C)(4). When a defendant in a felony case enters a no contest plea, he or she, by entering the no contest plea, admits the truth of the facts alleged in the indictment.
Accordingly, I agree that we must overrule the appellant's assignment of error and that we should affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion.
Abele, J.: Concurs in Judgment with Opinion.
For the Court
David T. Evans, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.